Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 7614 07

NORFOLK SOUTHERN RAILWAY COMPANY
Angela W. Konrad
611 Third Avenue
Huntington, WV 25701

| | |
|---|---|
| **Control Number:** 262578 | **Agent:** Angela W. Konrad |
| **Defendant:** NORFOLK SOUTHERN RAILWAY COMPANY 611 Third Avenue Huntington, WV 25701 US | **County:** Kanawha |
| | **Civil Action:** 20-C-501 |
| | **Certified Number:** 92148901125134100002761407 |
| | **Service Date:** 8/28/2020 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**EXHIBIT**

A

**S U M M O N S**

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**DARRELL SADDORIS,**
**an individual,**

                    **Plaintiff,**

**v.**                                        CIVIL ACTION NO: 20-C-501

**KANAWHA RIVER RAILROAD, L.L.C.,**
**a foreign limited liability company, and**
**NORFOLK SOUTHERN RAILWAY COMPANY,**
**a foreign limited liability company,**

                    **Defendants.**

    **To:   Norfolk Southern Railway Company**
          **Angela W. Konrad**
          **611 Third Avenue**
          **Huntington, WV  25701**

        **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon J. Kristofer Cormany, Cormany Law, PLLC, plaintiff's attorneys, whose address 206 Capitol Street, 2nd Floor, Post Office Box 3327, Charleston, West Virginia 25339, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **twenty (20) days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/22/20                              Cathy S. Gatson, Clerk
                                        CLERK OF COURT
                                                by cottino

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 7613 91

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
      888-767-8683
**Visit us online:**
www.wvsos.com

KANAWHA RIVER RAILROAD, L.L.C.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

| | | |
|---|---|---|
| **Control Number:** 262577 | **Agent:** | Corporation Service Company |
| **Defendant:** KANAWHA RIVER RAILROAD, L.L.C. | **County:** | Kanawha |
| 209 West Washington Street | **Civil Action:** | 20-C-501 |
| Charleston, WV 25302 US | **Certified Number:** | 92148901125134100002761391 |
| | **Service Date:** | 8/28/2020 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DARRELL SADDORIS,**
**an individual,**

                    **Plaintiff,**

**v.**                                             CIVIL ACTION NO: 20-C- 501

**KANAWHA RIVER RAILROAD, L.L.C.,**
**a foreign limited liability company, and**
**NORFOLK SOUTHERN RAILWAY COMPANY,**
**a foreign limited liability company,**

                    **Defendants.**

**To:**   **Kanawha River Railroad, L.L.C.**
         **Corporation Service Company**
         **209 West Washington Street**
         **Charleston, WV 25302**

        **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon J. Kristofer Cormany, Cormany Law, PLLC, plaintiff's attorneys, whose address 206 Capitol Street, 2nd Floor, Post Office Box 3327, Charleston, West Virginia 25339, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **twenty (20) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/22/20

                                        **Cathy S. Gatson, Clerk**

                                        CLERK OF COURT   by Catkins

**IN THE CIRCUIT COURT KANAWHA COUNTY, WEST VIRGINIA**

**DARRELL SADDORIS,**
**an individual,**

                    **Plaintiff,**

v.                                                      CIVIL ACTION NO: 20-C-501

                                                        *Kaufman*

**KANAWHA RIVER RAILROAD, L.L.C.,**
**a foreign limited liability company, and**
**NORFOLK SOUTHERN RAILWAY COMPANY,**
**a foreign limited liability company,**

                    **Defendants.**

## COMPLAINT

For his Complaint against the defendants, the plaintiff states and alleges as follows:

### PARTIES

1.      The plaintiff Darrell Saddoris, is a citizen and resident of Charleston, Kanawha County, West Virginia.

2.      The defendant, Kanawha River Railroad, LLC ("KRR") is a foreign limited liability company and at all times relevant was a public utility and was in the business of owning, operating and maintaining railroad systems in southern West Virginia including but not limited to ownership, operation and maintenance of rail lines and related structures and improvements in Charleston, Kanawha County, West Virginia.

3.      The defendant, Norfolk Southern is a corporation and at all times relevant was a public utility and was in the business of owning, operating and maintaining railroad systems in southern West Virginia including but not limited to ownership operation and maintenance of rail lines and related structures and improvements in Charleston, Kanawha County, West Virginia.

1

## FACTS

4.     At all times relevant, the defendants operated rail cars on and maintained the track and related improvements that crosses Patrick Street and extends behind Todd Judy Ford in Charleston, West Virginia.

5.     At that section of track, the defendants constructed a trestle that crossed a stream and which supported both tracks and a separate parallel walkway consisting of grating held in place by large spikes. There existed an approximately 24 inch gap between the tracks and the walkway. On the walkway, there existed a series of posts with two sets of holes in each post from which chain or cable could strung through the posts to operate as a handrail to prevent pedestrians from falling in the gap between the tracks and the walkway to the ground approximately 20-30 feet below.

6.     On and before February 14, 2019, the defendants failed to maintain the subject handrail because no cable or chain was strung through the handrail posts thereby presenting a high risk that persons would fall from the trestle and suffer serious injury or death.

7.     On and before February 14, 2019, the defendants failed to maintain their walkway in a safe condition because the spikes in the grating walkway were not driven flush with the grating and protruded to a height that they presented a tripping hazard to persons on the trestle walkway and exposed them to tripping and falling and suffering serious injury or death.

8.     On and before February 14, 2019, as the plaintiff was crossing the walkway, a spike on the grating had not been properly driven in entirely caused him to trip. Because the walkway railing was not maintained, he fell off the walkway and approximately 20-30 feet to the ground on the banks of the stream suffering severe permanent injuries including but not limited

to a right pubic ramus facture, fracture of multiple ribs right sided, as well as a right beceps tendon rupture.

9.     The plaintiff was not a trespasser in that the defendants did not own the land upon which the rail track, walkway and trestle bridge were situated and where the plaintiff's injury occurred.

10.     As a direct and proximate result of defendants' actions, omissions and conduct, on and before February 14, 2019, the plaintiff suffered the severe and permanent injuries described herein and has sustained the following damages:

    a.    physical pain and suffering;

    b.    mental anguish and suffering;

    c.    permanent physical impairment;

    d.    loss of wages and benefits;

    e.    loss of future earning capacity and benefits;

    f.    loss of capacity to enjoy life;

    g.    medical expenses past and future; and

    h.    annoyance and inconvenience.

## COUNT I
## NEGLIGENT, WILFUL, WANTON AND RECKLESS MISCONDUCT

11.     At all times relevant the defendants had the duty exercise reasonable care to maintain to its rail, track, trestles and walkways in a reasonably safe condition.

12.     Upon information and belief, the defendants knew or should have known that its rail, tracks, trestles and walkway at the subject location was not maintained in a reasonably safe condition because its walkway presented tripping hazards as described herein and because its

handrail was disassembled and accordingly, they knew that individuals were exposed to a high risk of serious injury from falling from its trestle bridge.

13.    Upon information and belief, the defendants knew that their tracks, trestles and walkways were commonly and regularly used by the public for pedestrian travel yet it chose not to abate the unsafe conditions described herein and failed to warn pedestrians of those hazards.

14.    The defendant negligently and/or willfully wantonly and recklessly failed to maintain their rail, trestles and walkways in a reasonably safe condition as described herein and thereby exposed the plaintiff and others to a high risk of serious injury.

15.    As a direct and proximate result of the acts, omissions and conduct of the defendants, the plaintiff sustained the severe permanent injuries described herein.

## COUNT II
## SPECIAL DUTY OF RAILROADS

16.    The plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if set forth herein verbatim.

17.    At all times relevant, the defendants had a duty to exercise ordinary care commensurate with the risks of injury in the operation its railroad in places where the public is present.

18.    Upon information and belief, the defendants knew that pedestrians frequently used their trestle bridge and walkway and thereby had a duty to maintain it in a reasonably safe condition and such duty was commensurate with the risk of injury that could result from their failure to do so.

19.    On or before February 14, 2019, the defendants failed to maintain the subject trestle bridge and walkway in a reasonably safe condition as described herein and thereby exposed the plaintiff and other pedestrians to a high risk of serious injury from falling.

20.     As a direct and proximate result of the acts, omissions and conduct of the defendants, the plaintiff sustained the severe permanent injuries described herein.

## COUNT III
## LIABILITY UNDER THE RESTATEMENT

21.     The plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if set forth herein verbatim.

22.     On and before February 14, 2019, the defendants knew or should have known that pedestrians commonly traveled the subject the subject trestle bridge and walkway that was unsafe as described herein.

23.     On and before February 14, 2019, the defendants knew that the unsafe condition of their trestle bridge and walkway was likely to cause serious injury or death to pedestrians.

24.     The unsafe condition of the subject trestle bridge and walkway was not open, obvious or apparent to pedestrians.

25.     On and before February 14, 2019, the defendants failed to warn pedestrians and the plaintiff of the unsafe condition of its trestle bridge and walkway and thereby exposed him to a high risk of serious injury or death from falling.

26.     As a direct and proximate result of the acts, omissions and conduct of the defendants, the plaintiff sustained the severe permanent injuries described herein.

WHEREFORE, the plaintiff demands judgment jointly and severally against the defendants for such an amount as will be determined by a jury according to the laws of the State of West Virginia together with costs, attorney's fees and pre-judgment and post-judgment interest.

**A JURY TRIAL IS DEMANDED.**

**DARRELL SADDORIS,**
By Counsel

J. Kristofer Cormany, Esq. (WVSB #7665)
Cormany Law, PLLC
P.O. Box 11827
206 Capitol Street, Suite 200
Charleston, WV 25339
(304) 720-3566; (304) 720-3568 (facsimile)
kcormany@cormanylaw.com

6


**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 09/07/2020

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0002 7614 07. Our records indicate that this item was delivered on 09/02/2020 at 02:47 p.m. in HUNTINGTON, WV 25701. The scanned image of the recipient information is provided below.

Signature of Recipient :    *M. Firld trd*

*CU 19 101 JC*

Address of Recipient :    *611 3rd Ave*

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        276140


**UNITED STATES POSTAL SERVICE**™

Date Produced: 09/07/2020

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0002 7613 91. Our records indicate that this item was delivered on 09/02/2020 at 10:46 a.m. in CHARLESTON, WV 25302. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        276139