IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DARRELL SADDORIS,

        Plaintiff,

v.  CIVIL ACTION NO. 2:20-cv-00646

KANAWHA RIVER RAILROAD, L.L.C., and
NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed all pending motions in limine and responses. These include the *Plaintiff's Motion in Limine to Exclude Evidence or Argument Concerning Prior Bad Acts* (Document 37), the *Defendants' Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence or Argument Concerning Prior Bad Acts* (Document 44), the *Defendants' Motion in Limine to Preclude Testimony of Frank Burg* (Document 38), the *Plaintiff's Response to Defendants' Motion in Limine to Preclude Testimony of Frank Burg* (Document 45), the *Defendants' Motion in Limine to Exclude Subsequent Modifications to Area of Incident* (Document 39), the *Plaintiff's Response in Opposition to Defendants' Motion to Exclude Subsequent Modifications to Area of Incident* (Document 43), and the *Defendants' Omnibus Motion in Limine* (Document 40) which is unopposed. As detailed more fully herein, the Court finds that the Defendants' three motions should be granted, and the Plaintiff's motion should be held in abeyance.

## DEFENDANTS' MOTIONS

*A. Testimony of Frank Burg*

The Defendants seek to preclude proposed testimony from the Plaintiff's proffered expert witness, Dr. Frank Burg. They argue that the testimony is impermissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and is not consistent with the purpose of expert testimony. They argue that Dr. Burg's testimony would include impermissible legal conclusions, rely on inapplicable and irrelevant legal standards, and extend beyond the scope of appropriate expert testimony and/or his expertise. Ultimately, they argue, this testimony invades the province of the Court. The Plaintiff counters that Dr. Burg's testimony has a deep evidentiary foundation and any arguments to exclude the testimony go to the weight of the evidence rather than its admissibility. For the reasons stated herein, the Court finds that the testimony should be excluded.

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of any opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. F.R.E. 702.

The Defendants seek to exclude the entirety of Dr. Burg's testimony. Specifically, they seek to exclude his opinions that 1) the railroad bridge is open to the public, 2) Kanawha River Railroad failed to inspect and maintain the bridge walking surface and guardrails, and failed to assure frequent and regular inspections and evaluations of the walkway, 3) there is a hierarchy in the safety and health profession for hazards to be engineered to eliminate hazards, keep humans

2

away from hazards, or provide warnings about hazards, and 4) the Plaintiff had every reason to expect the railroad to provide him with a safe walking surface and safety guardrail in the location where he fell.

Clearly, Dr. Burg has expertise and knowledge, generally, of many of the statutes and regulations governing workplace safety, railroad safety, and other areas. However, nothing within his report relies upon any specific method or scientific principles that would be otherwise unavailable to the trier of fact. Rather, Dr. Burg details various statutory provisions and regulatory standards and states how, based on his expertise, he believes they apply. There is no methodology to examine, or principles applied, but rather a list of cited violations that, he opines, places fault with the Defendants. Given the nature of the case, this is not the type of testimony included within the parameters of Rule 702. Rather than using expertise to help the trier of fact understand the evidence or determine a fact at issue, this testimony would encroach on the province of the Court and the jury by seeking to explain various regulations and statutes, determine fault and opine on the Plaintiff's expectations and the public nature of the bridge. While the parties may certainly argue that specific regulations or statutes apply, determining the applicable law of the case is the role of the Court.

Although expert testimony may embrace an ultimate issue, the opinion "may be excluded if it is not helpful to the trier of fact under Rule 702." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). In this case, the jury will be tasked with examining the evidence to determine questions of whether the hazards were open and obvious to trespassers and/or whether the Defendants acted willfully or wantonly in failing to maintain the property. Citing numerous inapplicable statutes, and regulations outside the established legal duty, would not aid the jury in these determinations

3

but more likely confuse the issues. From the factual evidence presented and the Court's legal instructions, jurors will be able to determine fault, whether the bridge was open to the public, as well as the Plaintiff's expectations, if at all relevant. None of these necessarily require specialized knowledge.

To the extent Dr. Burg seeks to testify regarding alleged statutory and regulatory duties applicable to the Defendants that were purportedly violated, but which do not impact the Plaintiff's fall, the testimony must be excluded. Although the cited statutes and regulations place certain duties on the Defendants, testimony related to the same will not assist the jury in determining any fact in issue or whether the Defendants acted willfully or wantonly or whether the condition alleged to cause the fall was open and obvious. This type of evidence will only increase the risk of jury confusion.

Even if this testimony is offered solely to explain the facts in the context of West Virginia's standard or duty of care owed to known trespassers, the law is well established, and its explanation is within the province of the Court. Further, Mr. Burg's deposition testimony belies the notion that his testimony would be rooted in expert knowledge of other general standards not otherwise referenced in his report. Any conclusions he drew based on other witness testimony was not directly tied to any identified standard the Court could properly evaluate. Additionally, his reference to an alleged hierarchy within the safety and health profession, as presented, is unverifiable and is not supported by any evidence, aside from his general experience, that it is widely followed and applicable to the Defendants. Finally, his conclusions regarding the consideration of human factors are similarly unverifiable, and to the extent he speaks to specific expectations and duties owed to someone in the Plaintiff's shoes, it intrudes upon the province of

the Court, as the duty related to hazards on land is well established in West Virginia law. Summarily listing and testifying to building standards and codes, and declaring them to essentially establish the duty owed to trespassers, would effectively alter the clearly established legal duty owed to trespassers under West Virginia law. Purported violations of these provisions could certainly form the basis of some enforcement against the landowner for code violations or other penalties, but they do not alter the legal duty owed to a legal trespasser for purposes of a private premises liability action.

Therefore, the Court must exercise its "gatekeeping" function "of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. As explained above, the Court finds that Dr. Burg's testimony would not be relevant and, in some instances, not specialized or reliable as required by Rule 702, given the facts presented, the nature of the claim(s) and the applicable established duty of care. Accordingly, for the reasons stated, Dr. Burg's testimony should be excluded.

B. *Subsequent Modifications*

The Defendants also seek to preclude any evidence of subsequent modifications to the area of the Plaintiff's fall. They argue that any such evidence is precluded by the general restriction on using subsequent remedial measures, to prove fault, contained in Rule 407 of the Federal Rules of Evidence. The Plaintiff argues that such evidence should be permitted because it serves as impeachment evidence and proves that the Defendants had control over the relevant area. The Court finds that the evidence should be excluded.

Federal Rule of Evidence 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not

admissible to prove: negligence, culpable conduct, a defect in a product or its design; or a need for a warning or instruction." F.R.E. 407. While the Plaintiff argues that this evidence serves the purpose of impeachment, at this point, the Defendants' contentions are not subject to impeachment by evidence of remedial measures. The Defendants have made no assertion that they were *unable* to take additional safety measures, or that they did not have control over the relevant areas. Instead, they argue that they simply had no legal obligation to do so. As quoted in Plaintiff's response to the motion, the Defendants have stated in discovery that "…because it does not carry or support a railroad track, there is no party or entity responsible for inspection, maintenance or repair of the access platform". This point is certainly in dispute and may be readily contested. However, evidence of modifications has no bearing on whether the legal duty existed, and therefore is irrelevant as impeachment on the material issue. The only purpose it could serve, absent different assertions by the Defendants that open the door to impeachment, is to establish some level of negligence or fault. This is precisely the type of evidence that Rule 407 excludes from consideration.

Additionally, the Plaintiff argues that this motion should be denied because the Defendants' expert relies upon post-injury modification pictures in his report. However, this argument fails. The Defendants' expert states that any signs shown in the pictures are signs that had been there for more than a decade. Thus, the testimony is not that these signs were put in place after the injury, but instead, the testimony is that the signs were there before the injury occurred. Therefore, he is not testifying to *subsequent* remedial measures, but what he claims to be conditions that existed prior to Plaintiff's injury. If he were to testify to this, and the Plaintiff had evidence that this was not the case, the Plaintiff would be entitled to impeach the witness, using admissible evidence.

6

However, his report refuting the Plaintiff's contention regarding conditions does not serve to make otherwise inadmissible evidence admissible.

The Plaintiff also argues that the Defendants installed handrails after the Plaintiff's fall and that evidence of this should be permitted for impeachment. Evidence of the handrail is seemingly not included in either the Plaintiff's or the Defendants' attached photographs, or other documented evidence. However, the form of the evidence does not alter the conclusion. Any evidence of handrails installed by the Defendants after the alleged incident, should it exist, must be precluded for the same reasons detailed above. Installation of a safety handrail after the incident is unquestionably the type of subsequent remedial measure targeted by Rule 407. Again, the Defendants do not contest that they *could* have taken additional safety measures. They only argue that they had no *legal obligation* to do so. Therefore, subsequent installation of any safety measures does not serve to impeach any of the Defendants' arguments at this point.

Accordingly, the Court finds that the motion should be granted, and such evidence should be excluded. If testimony opens the door to impeachment or another permissible avenue for admission, the Plaintiff should seek leave of the Court to use the evidence. However, the Plaintiff may not use this evidence without explicit permission.

C. *Omnibus Motion*

The Defendants also raise an omnibus motion to preserve the right to submit additional motions in limine if and to the extent the Plaintiff's yet to be filed Rule 26(a)(3) disclosures contain information not previously available to the Defendants. The Plaintiff filed no objection to this motion. The Court finds that the motion should be granted only to the extent that any future motion

be limited to any Rule 26(a)(3) disclosures made after the Court's earlier deadline for motions in limine.

**PLAINTIFF'S MOTION**

The Plaintiff seeks to exclude any evidence or argument related to his prior bad acts, including his previous arrest(s), conviction, terms of imprisonment, as well as use and sale of controlled substances. He argues that its probative value is limited and to the extent it may be relevant to claims for past and future wage loss, he is withdrawing that item of damages. The Defendants counter that the evidence is admissible under Federal Rules of Evidence 608 and 609. They argue that this conduct and other proposed evidence is relevant not only to his character for truthfulness, but to his claims for damages.

If the Plaintiff appears as a witness, evidence of a felony conviction is admissible pursuant to Federal Rule of Evidence 609, subject to the balancing test of Federal Rule of Evidence 403 if the conviction or his release from incarceration occurred less than ten years ago. On the facts presented to the Court, the Plaintiff's felony conviction appears to meet the timeframe established by Rule 609. However, Rule 403 limits the admissibility of otherwise relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403. Because the Court will be in the best position to evaluate the probative value, if any, of the Plaintiff's prior conviction during trial, in context with the evidence presented, the motion as it relates to the conviction will be held in abeyance. However, evidence of the Plaintiff's conduct while in prison and on supervised release and its revocation will be excluded. If the Defendants seek to impeach the Plaintiff with the conviction,

the Court will assess the admissibility of the prior convictions under Rules 609 and 403 of the Federal Rules of Evidence. Therefore, Counsel must request leave of the Court outside the hearing of the jury prior to asking questions or introducing evidence regarding the conviction, and neither Counsel nor the Defendant shall refer to or elicit testimony regarding the conviction or other alleged prior bad acts during voir dire, opening statements, or testimony without prior leave of Court.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendants' Motion in Limine to Preclude Testimony of Frank Burg* (Document 38), the *Defendants' Motion in Limine to Exclude Subsequent Modifications to Area of Incident* (Document 39), and the *Defendants' Omnibus Motion in Limine* (Document 40) to the extent that any new motions relate to Rule 26(a)(3) disclosures made after the deadline for filing Motions in Limine, be **GRANTED**.

The Court further **ORDERS** that the *Plaintiff's Motion in Limine to Exclude Evidence or Argument Concerning Prior Bad Acts* (Document 37) be **GRANTED** as it relates to conduct during imprisonment, during the term of supervised release and its revocation, and **HELD IN ABEYANCE** as it relates to conviction.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: March 24, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA