IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DARRELL SADDORIS,

                Plaintiff,

v.                                              CIVIL ACTION NO.   2:20-cv-00646

KANAWHA RIVER RAILROAD, L.L.C., and
NORFOLK SOUTHERN RAILWAY COMPANY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Bifurcate Liability and Damages Phases of Trial* (Document 55), wherein the Defendants move to bifurcate the liability phase and damages phase, with the potential for further bifurcation of any request for punitive damages, to streamline the trial and avoid any potential waste of resources. The Defendants argue that bifurcation is justified because there are multiple alleged theories of liability and affirmative defenses that will be complicated. Additionally, they argue that given the expected extensive testimony and exhibits regarding damages to be offered by the plaintiff, bifurcation is necessary to avoid wasted resources and the risk of prejudice. To date, the Plaintiff has not responded to the Defendants' motion.[1] For the reasons stated herein, the Court finds that the motion should be denied.

---

[1] The Court notes that the Plaintiff's response window has not yet expired. However, because of the condensed timeline given the proximity of trial, expeditious disposition of the motion is important. Additionally, given the Court's denial of the motion, the risk of prejudice to the Plaintiff from ruling prior to his response is limited.

Federal Rule of Civil Procedure Rule 42 gives the Court discretion to bifurcate trials in certain circumstances. In pertinent part, it states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. R. 42(b). The Court has broad discretion in making this determination, and its exercise of that discretion is only set aside if clearly abused. *Lester v. Homesite Ins. Co. of the Midwest*, No. 1:14–20361, 2014 WL 6682334, at *1 (S.D.W.Va. Nov.25, 2014) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.1993)). The party seeking bifurcation generally carries the burden of showing the bifurcation is warranted, as handling all issues in a single trial is generally preferred. *Young v. Apogee Coal Co., LLC*, 2015 WL 65542, at *2 (S.D.W. Va. Jan. 5, 2015) (citation omitted). Here, the Defendants have failed to meet that burden.

Of course, as the Defendants argue, if the jury finds for the Defendants on the question of liability, time spent discussing damages will have been unnecessary. This, however, is true of almost every civil trial involving a question of liability. As a judge of this Court has explained, "[a]lthough bifurcation may be appropriate when resolution of certain issues could be dispositive of the entire case, if the court orders bifurcation and certain issues are not resolved, the court would be forced to hold two trials, which clearly impedes judicial economy." *Welsh v. Logan General Hosp., LLC*, 2014 WL 3797148 at *1 (S.D.W. Va. June 18, 2015) (Goodwin, J.) (internal quotations and citations omitted). The same logic holds true here. If the jury finds for the Plaintiff on the question of liability, it would undoubtedly be more efficient to have presented both issues jointly to the jury.

The additional justifications presented by the Defendants are likewise unpersuasive. First, while the Plaintiff may have listed 25 potential witnesses, it does not follow that the Plaintiff is certain to call all of them. Further, if the Defendants believe that any of the testimony would be unnecessarily duplicative, irrelevant, or otherwise impermissible, the Defendants could certainly raise objections.

Additionally, nothing has been cited to support the notion that the Plaintiff's injuries create a substantial risk that the jury will be unable to determine the liability question objectively. Cases like this involve injuries, and juries are often faced with questions of liability regarding incidents with significant injuries or even death. The mere existence of significant injuries does not necessitate bifurcation. Under proper instructions from the Court, jurors routinely understand their role and carry out their duties objectively and thoughtfully. The Defendants' concerns, regarding extra expenses for Plaintiff's counsel, likewise is not persuasive given the totality of the considerations that should guide the Court.

The Defendants have not established that this case presents unique challenges justifying bifurcation. Appropriate instructions are generally adequate to avoid jury confusion as to the legal standards and relevant facts, and juries are frequently asked to follow complicated fact patterns with multiple claims, defenses, and various implications. Here, despite multiple theories of liability and affirmative defenses, the jury is still essentially required to follow a single fact pattern regarding a single incident with one plaintiff against co-defendants who are jointly represented and have shared interests.

Finally, while the Defendants argue that any potential claim for punitive damages should be bifurcated pursuant to West Virginia Code § 55-7-29(b), this Court has consistently applied the

federal procedural rule, Rule 42(b), in cases over which the court has diversity jurisdiction. *See Deitz v. Patton*, No. 2:15-cv-08257, 2017 WL 82477, at *4 n.1 (S.D.W. Va. Jan. 9, 2017) (collecting cases); *see generally Hanna v. Plumer*, 380 U.S. 460, 471-74 (1965). However, a review of the Plaintiff's complaint reveals that no request for punitive damages has been made. Therefore, the Court will not address bifurcation as it relates to punitive damages.

Wherefore, after thorough review and careful consideration, and finding that a unitary trial will not prejudice either party and that bifurcation will not necessarily promote judicial economy, the Court **ORDERS** that the *Defendants' Motion to Bifurcate Liability and Damages Phases of Trial* (Document 55) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 7, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA